IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| PHYLLIS EISENHOWER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| vs. | ) NO. CV422-084 |
| | ) |
| NATIONAL RAILROAD | ) |
| PASSENGER CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1331, 28 U.S.C. §1349 and 28 U.S.C. §1441, Defendant National Railroad Passenger Corporation ("Amtrak") hereby removes this action to the United States District Court for the Southern District of Georgia, Savannah Division. As grounds for this removal, this Defendant shows as follows:

1.

On or about March 2, 2022, Plaintiff Phyllis Eisenhower filed this action in the State Court of Chatham County, Georgia, Civil Action File No. STCV22-00381.

2.

On March 10, 2022, Defendant Amtrak was first served with the Summons and Complaint. A copy of all process, pleadings and orders in the state court action are attached hereto as Exhibit "A." There have been no further proceedings in this action.

3.

This Notice of Removal is timely in accordance with 28 U.S.C. §1446(b) as it is being filed within 30 days of this Defendant's receipt of the initial pleading in this case.

4.

Amtrak was created by an Act of Congress, 49 U.S.C. §24101 et seq., and more than half of its corporate stock is owned by the federal government. (See, Declaration of William Herrmann, Exhibit "B").

5.

Thus, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331 because Amtrak was created by an Act of Congress and more than half of its corporate stock is owned by the federal government. See 28 USC §1349. See, also, *National R.R. Passenger Corp. v. Rountree Transport and Rigging, Inc.*, 286 F.3d 1233, 1259 n. 25 (11th Cir. 2002) ("It is true that, because Amtrak is a federally chartered corporation that meets the requirements of 28 U.S.C. §1349, federal question jurisdiction is proper"); *Henderson v. Amtrak*, 412 Fed. App'x. 74 (10th Cir. 2011) ("Federal question jurisdiction exists for congressionally incorporated entities under 28 U.S.C. §1331"); *Aliotta v. Nat'l R.R. Passenger Corp.*, 215 F.3d 756, 758 (7th Cir. 2003) ([F]ederal courts have jurisdiction over all cases involving Amtrak, regardless of the cause of action"); *Virgil v. Montgomery*, et al., 353 F.Supp.2d 620, 622 (E.D.N.C. 2005) ("[B]ecause Amtrak falls within the group of federally chartered corporations covered under 28 U.S.C. §1349, removal to this Court was proper")*; Hollus v. Amtrak Northeast Corridor*, 937 F.Supp. 1110, 1113 (D. N.J. 1996) ("Because a majority of the capital stock of Amtrak is owned by the United States, the federal courts have subject matter jurisdiction over any action involving Amtrak") aff'd 118 F.3d 1575 (3rd Cir. 1997); *Stuckey v. Illinois Central R.R. Co.*, No. 2:96CV47-B-A, 1996 WL 407247 (N.D. Miss. June 5, 1996) (denying plaintiff's motion to remand because of Amtrak's inclusion as a defendant despite non-diverse defendant joining

plaintiff's motion in support of remand) aff'd. 162 F.3d 96 (5th Cir. 1998).  Thus, the matter may be removed pursuant to 28 U.S.C. 1441(a).

6.

The United States District Court for the Southern District of Georgia thus has original jurisdiction over this action.

7.

Plaintiff is a citizen and resident of Pennsylvania. (Compl. ¶1)

8.

The Complaint alleges that Plaintiff was injured when she fell and hit her head on a toilet on an Amtrak Train while in Savannah, Georgia, "causing personal injuries to her person." Plaintiff also alleges that she "sustained severe personal injuries as a result of her hitting her head on the toilet."  (Compl. ¶6-7).[1]

9.

This Defendant will serve notice of this removal on Plaintiff and the State Court of Chatham County, Georgia.  A copy of that Notice is attached hereto as Exhibit "C."

**WHEREFORE**, Defendant respectfully requests that the referenced action now pending against it in the State Court of Chatham County, Georgia Court be removed to this Court.

---

[1] At this time, it is not clear whether this case is removable based on diversity jurisdiction. Complete diversity exists between Plaintiff and Amtrak, but Plaintiff has not alleged sufficient details in her Complaint for the Court to determine whether the amount in controversy requirement is satisfied.  In addition, Amtrak does not have any other information about the Plaintiff's alleged injuries or damages.

Respectfully submitted this 7th day of April, 2022.

/s/ *Walker S. Stewart*
WALKER S. STEWART
Georgia Bar No. 221715
BONIFACE G. ECHOLS
Georgia Bar No. 238325
Attorneys for Defendant National Railroad Passenger Corporation

Hall, Bloch, Garland & Meyer, LLP
577 Mulberry Street, Suite 1500
P. O. Box 5088
Macon, GA 31208-5088
Telephone: (478) 745-1625
Facsimile: (478) 741-8822
walkerstewart@hbgm.com
bonifaceechols@hbgm.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this date served a copy of the foregoing ***Notice of Removal*** upon Plaintiff's counsel of record by statutory electronic service as follows:

David S. Eichholz
The Eichholz Law Firm, P.C.
319 Eisenhower Drive
Savannah, GA 31406
David@thejusticelawyer.com

This 7th day of April, 2022.

                                      ***/s/ Walker S. Stewart***
                                      WALKER S. STEWART
                                      Georgia Bar No. 221715
                                      Attorney for Defendant

HALL, BLOCH, GARLAND & MEYER, LLP
577 Mulberry Street, Suite 1500
P. O. Box 5088
Macon, GA 31208-5088
Telephone: (478) 745-1625
Facsimile: (478) 741-8822
walkerstewart@hbgm.com