RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 3/2/2022 4:35 PM

 -Clerk of Court

EXHIBIT A

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| PHYLLIS EISENHOWER,       ) | |
| )| |
| Plaintiff,       ) | |
| )| STCV22-00381 |
| vs.       ) | Civil Action No. _____ |
| )| |
| NATIONAL RAILROAD       ) | |
| PASSENGER CORPORATION,       ) | |
| )| |
| Defendant.       ) | |

**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES
AND DEMAND FOR JURY TRIAL**

COMES NOW PHYLLIS EISENHOWER, Plaintiff in the above-captioned matter and submits her Complaint for Personal Injuries and Damages (the "Complaint") against the Defendant NATIONAL RAILROAD PASSENGER CORPORATION (hereinafter "Defendant"), by showing this Honorable Court that judgment should be entered in favor of the Plaintiff against the Defendant for the relief sought in the Complaint for the reasons pled as follows:

**PARTIES, JURISDICTION, VENUE AND SERVICE OF PROCESS**

1.

Plaintiff Phyllis Eisenhower (hereinafter "Plaintiff") is a citizen and resident of the State of Pennsylvania. Plaintiff resides at 312 Cedar Street, Jenkintown, Pennsylvania 19046. By bringing this action, Plaintiff subjects herself to the jurisdiction and venue of this Honorable Court.

2.

Defendant National Railroad Passenger Corporation ("AMTRAK") is a foreign railroad corporation who is qualified to and does business in the State of Georgia, is liable to Plaintiff, and is subject to the jurisdiction of this Court by virtue of diversity of citizenship. The Defendant is

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 3/2/2022 4:35 PM                                   Brian K Hart -Clerk of Court

required to accept service of process by certified mail addressed to the secretary of Amtrak at its principal office and place of business, pursuant to 49 U.S.C. § 24301.

3.

Venue is proper in this Court pursuant to O.C.G.A. § 14-2-510(b)(3).

## STATEMENT OF FACTS

4.

On or about March 9, 2020, Plaintiff was an invitee of the Defendant on a train traveling from Florida to Pennsylvania.

5.

On or about March 9, 2020, Plaintiff, while still an invitee of Defendant, was in the restroom, when suddenly and without warning, the train forcefully stopped. The abrupt stop of the train caused Plaintiff to fall and hit her head on the toilet causing personal injuries to her person.

6.

Plaintiff sustained severe personal injuries as a result of her hitting her head on the toilet.

7.

The Defendant owed a duty to invitees such as the Plaintiff to operate the train in a safe and reasonable manner.

8.

Prior to the subject incident, Defendant was aware or should have been aware of the risk to the passengers when stopping so forcefully.

9.

Plaintiff neither assumed the risk of her accident nor shared in the negligence of Defendant.

## COUNT I: NEGLIGENCE OF DEFENDANT

10.

Paragraphs 1 through 9 above are incorporated by reference as if set forth fully herein.

11.

The forceful stop without any advance warning to passengers constituted a hazardous, dangerous, and unsafe condition.

12.

The Defendant, by statute and through their duly authorized agents, servants and/or employees did violate said duties and were negligent by the following acts and their omissions:

a. By negligently failing to exercise reasonable care to protect passengers while on board of the train;

b. By failing to properly train its engine crew;

c. By failing to slow at a reasonable rate of speed;

d. By failing to alert invitees to an abrupt stop in an obvious disregard for the health, safety, and well-being of those invitees; and

e. By the commission of other acts of negligence which are hereby reserved for proof as discovery commences and at trial.

f. By failing to use extraordinary diligence as common carriers are bound to use.

13.

On or about March 9, 2020, the Defendant did not take any action to rectify this dangerous condition, or to alert passengers, prior to the time that the Plaintiff was injured, despite having actual and/or constructive knowledge of the hazardous condition they produced.

14.

Plaintiff had no knowledge that the train would stop so abruptly that it would cause her to fall.

15.

All times herein mentioned, Defendant was in control and custody of said property.

16.

The Defendant's negligence proximately caused the injuries, losses and damages suffered by the Plaintiff.

## COUNT II: DAMAGES

17.

Paragraphs 1 through 16 above are incorporated by reference as if set forth fully herein.

18.

As a direct and proximate result of the negligence and negligence per se of Defendant, Plaintiff suffered mental and physical injuries requiring medical treatment, as well as other damages.

19.

As a direct and proximate result of the negligence and negligence *per se* of Defendant, Plaintiff claims general damages against Defendant for all elements of pain and suffering and physical and mental injury, including shock, fright, and terror, endured by Plaintiff in an amount to be determined by the enlightened conscience of the jury after hearing the evidence at trial. Plaintiff has suffered mental and physical injuries requiring medical treatment and will continue

to suffer the following:

    (a) Past, present, and future physical and mental pain and suffering;

    (b) Past, present, and future loss of enjoyment of life;

    (c) Past, present, and future loss of earnings and income; and

    (d) Past, present, and future loss of ability to labor and earn money, as well as other damages.

20.

Plaintiff claims special damages against Defendant for any medical expenses, including future medical expenses, and loss of earning capacity incurred on her behalf in an amount which reflects the reasonable value of those services as established by the evidence at trial.

21.

As a direct and proximate result of the negligence and negligence per se of Defendant, Plaintiff is entitled to recover all special damages in an amount to be proved at trial.

22.

As a direct and proximate result of the negligence and negligence per se of Defendant, Plaintiff is entitled to recover general damages including but not limited to Plaintiff's mental and physical pain and suffering and loss of capacity to enjoy life, past, present, and future.

23.

Defendant has acted in bad faith, been stubbornly litigious, or has caused Plaintiff unnecessary troubles or expenses. Plaintiff is therefore entitled recover the expenses of litigation, including but not limited to attorney's fees.

### COUNT III: Punitive Damages

24.

Paragraphs 1 through 23 above are incorporated by reference as if set forth fully herein.

25.

The acts of Defendant showed willful misconduct, malice, fraud, wantonness, oppression, bad faith, or that entire want of care which would raise the presumption of conscious indifference to consequences. Plaintiff is entitled to recover punitive damages in an amount sufficient to deter similar conduct by Defendant in the future.

WHEREFORE, Plaintiff prays as follows:

(a) That Defendant be served with process and be required to answer this lawsuit;

(b) That Plaintiff recover recompensive damages from Defendant for the personal injuries which she has suffered in an amount to be determined according to the enlightened conscience of an impartial jury;

(c) That Plaintiff be awarded an amount sufficient to reimburse her for all past, present, and future medical expenses and wage losses associated with his injuries;

(d) That Plaintiff be compensated for the mental and physical pain and suffering related to her injuries;

(e) The Plaintiff be awarded interest at the legal rate on any judgment rendered;

(f) The Plaintiff be awarded expenses of litigation in bringing this action;

(f) That the Plaintiff have a trial by a jury of twelve (12) persons; and

(g)    That Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

This the 2nd day of March 2022.

                                          THE EICHHOLZ LAW FIRM, P.C.

                                          */s/* David S. Eichholz
                                          DAVID S. EICHHOLZ
                                          Georgia State Bar No. 502134
                                          *Attorney for Plaintiff*

319 Eisenhower Drive
Savannah, GA 31406
(912) 232-2791 - phn
(912) 629-2560 - fax
David@thejusticelawyer.com

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 3/2/2022 4:35 PM                *Brian K. Hart* -Clerk of Court

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| PHYLLIS EISENHOWER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. STCV22-00381 |
| vs. | ) |
| | ) |
| NATIONAL RAILROAD | ) |
| PASSENGER CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## SUMMONS

**TO THE ABOVE-NAMED DEFENDANT:** NATIONAL RAILROAD PASSENGER CORPORATION, 400 North Capitol Street, NW, Washington, DC 20001.

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney whose name and address is:

David S. Eichholz, Esq.
The Eichholz Law Firm, P.C.
319 Eisenhower Drive
Savannah, Georgia 31406

an answer to the complaint, which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 2nd day of March 2022.

Clerk of Court
State Court of Chatham County, Georgia

By: /s/ Moneisha Green
(Deputy) Clerk